1  **Danna J. Cotman, Esq. (SB# 188245)**
   danna@arciplaw.com
2  **Ariel J. Sabban, Esq. (SB# 189414)**
   ariel@arciplaw.com
3  **ARC IP Law, PC**
   **5749 La Jolla Boulevard**
4  **La Jolla, CA 92037**
   **Telephone: (858) 729-0800**
5  **Telecopier: (858) 777-5425**

6  Attorneys for Plaintiffs XTERMITE, INC.
   and XT 2000, Inc.
7

8              **UNITED STATES DISTRICT COURT**

9            **SOUTHERN DISTRICT OF CALIFORNIA**

10 | XTERMITE, INC., a California | Case No.: **'24CV1347 LL   DDL** |
   corporation; and XT 2000, INC., a
11 California corporation,

12              Plaintiffs,                **COMPLAINT FOR DAMAGES**
                                           **AND INJUNCTIVE RELIEF FOR**
13       vs.                               **TRADEMARK INFRINGEMENT**
                                           **UNDER 15 U.S.C. § 1114, UNFAIR,**
14 BARRY BRANDON O'GORMAN;                 **COMPETITION UNDER 15 U.S.C.**
   and ELIMINITE TERMITE                   **§ 1125, CYBERPIRACY UNDER**
15 SERVICES, INC., a California            **15 U.S.C. § 1125, UNFAIR**
   corporation, and DOES 1 through 40,     **COMPETITION UNDER B&P §**
16 inclusive,                              **17200, FALSE ADVERTISING**
                                           **UNDER B&P § 17500, AND**
17              Defendants.                **UNJUST ENRICHMENT**

18                                         **JURY TRIAL DEMANDED**

19      Plaintiffs XTERMITE, INC. ("XTERMITE") and XT 2000, Inc. ("XT-

20 2000") (collectively "Plaintiffs"), for their Complaint, allege as follows:

21                        **INTRODUCTION**

22      1.      This is an action for Trademark Infringement of Plaintiffs' federally

23 registered Trademarks and Service Mark, Unfair Competition, and Cyberpiracy

24 under the Lanham Act, and Unfair Competition, False Advertising, and Unjust

25 Enrichment under California state law.

26      2.      Plaintiffs seek compensatory damages, imposition of a constructive

27 trust for improperly acquired profits, and injunctive relief as well as costs and

28 attorney's fees.

                              - 1 -
                           COMPLAINT

3.      Plaintiffs XTERMITE and XT 2000 are each California corporations organized and existing under the laws of the State of California with their principal places of business in San Diego County, California.

4.      On information and belief, defendant BARRY BRANDON O'GORMAN ("O'GORMAN") is, and at all times relevant to this action was, an individual residing and/or conducting business in San Diego County, California.

5.      On information and belief, defendant ELIMINITE TERMITE SERVICES, INC. ("ELIMINITE") is, and at all times relevant to this action was, a California corporation organized and existing under the laws of the State of California with its principal place of business in San Diego County, California. Defendant O'GORMAN is an officer, director, and/or agent of defendant ELIMINITE.  (Defendants O'GORMAN and ELIMINITE are collectively referred to herein as "Defendants.")

6.      The true names and capacities of defendants sued herein under Code of Civil Procedure ("C.C.P.") § 474 as DOES 1 through 40, inclusive, and each of them, are unknown to Plaintiffs, who therefore sue said defendants by such fictitious names.  Plaintiffs will seek to amend this Complaint to set forth the true names and capacities of said fictitiously named defendants when the names and capacities of said fictitiously named defendants have been fully ascertained.  Each of the fictitiously named defendants is responsible in some manner for the events and occurrences herein alleged, and Plaintiffs' injuries as herein alleged were directly and proximately caused by the conduct, acts, and/or omissions of said defendants.

7.      At all times herein mentioned, each of the defendants, including fictitiously named defendants, was and is the agent, servant, representative, fiduciary, independent contractor, partner, joint venturer, alter ego, accessory, accomplice, aider, abettor, confederate, co-conspirator, and/or employee of each or some of the other co-defendants, and in doing those acts herein referred to, was

acting within the scope of their authority as such agent, servant, representative, fiduciary, independent contractor, partner, joint venturer, alter ego, accessory, accomplice, aider, abettor, confederate, co-conspirator and/or employee, with the express and/or implied approval, permission, knowledge, consent and ratification of all said co-defendants.

## JURISDICTION AND VENUE

8.     This Court has subject matter jurisdiction under 15 United States Code ("U.S.C.") § 1121 of the Lanham Act, and under 28 U.S.C. §§ 1338 and 1367.

9.     This Court has personal jurisdiction over defendants because, on information and belief, defendants provide pest control services to persons within the State of California and/or have otherwise made or established contacts within the State of California sufficient to permit the exercise of personal jurisdiction.

10.     The District of the Southern District of California is a proper venue pursuant to 28 U.S.C § 1391(b)(2) because a substantial part of the acts or omissions giving rise to Plaintiffs' claims occurred in this Judicial District.

## GENERAL ALLEGATIONS

11.     Plaintiffs XTERMITE and XT-2000 are, respectively, a pest control service company, and a pesticide manufacturing company.  Although separate corporations, they work closely with one another, sharing the same owners, corporate leadership, and counsel.  Plaintiffs are the original developers of "Orange Oil," a naturally occurring pesticide, extracted from orange peels, for use against infestations of termites, wood boring beetles, and carpenter ants.

12.     Plaintiff XTERMITE is the owner of the service mark contained within U.S. Registration Number 7,302,834 for "XTERMITE" in connection with various Pest Control Services in International Class 037 and various Home Inspection Services in International Class 042 ("the "XTERMITE Mark").  The XTERMITE Mark has been in continuous use in U.S. Commerce since at least

1998 pursuant to 15 U.S.C. §1127 of the Lanham Act.  The XTERMITE Mark is registered on the Principal Register and is in full force and effect.

13.     Plaintiff XT-2000 is the owner of the trademark contained within U.S. Registration Number 7,015,397 for "XT-2000" in connection with "Pesticides" in International Class 005 (the "XT-2000 Mark").  The XT-2000 Mark has been in continuous use in U.S. Commerce since at least 2003 pursuant to 15 U.S.C. §1127 of the Lanham Act.  The XT-2000 Mark is registered on the Principal Register and is in full force and effect.  (The XTERMITE Mark and the XT-2000 Mark are collectively referred to herein as "Plaintiffs' Trademarks.")

14.     As background, defendant O'GORMAN worked for Plaintiffs for approximately a year and a half ("defendant O'GORMAN's Employment") and served as Plaintiffs' Chief Operating Officer.  During defendant O'GORMAN'S Employment, defendant O'GORMAN owed fiduciary duties of loyalty and good faith to Plaintiffs.

15.     During defendant O'GORMAN's Employment, he attempted to purchase a controlling interest in Plaintiffs, which was rejected by Plaintiffs' owners and corporate leadership.

16.     During defendant O'GORMAN's Employment, defendant O'GORMAN secretly caused ELIMINITE to be registered with the California Structural Pest Control Board and the California Secretary of State.

17.     During defendant O'GORMAN's Employment, defendant O'GORMAN failed to disclose the existence of ELIMINITE to Plaintiffs and used (and continues to use) Plaintiffs' confidential information to unfairly compete with Plaintiffs.  For example, and as further background, defendant O'GORMAN used his access to Plaintiffs' confidential information to fraudulently obtain a pesticide registration from the Environmental Protection Agency ("EPA") for ELIMINITE's own Orange-oil-based pesticide.

18.     Both during and after defendant O'GORMAN's Employment,

COMPLAINT

defendant O'GORMAN demonstrated a pattern of exploiting Plaintiffs'
Intellectual Property and public goodwill for his and defendant ELIMINITE's
financial gain.  On information and belief, Defendant O'GORMAN attempted to
and did redirect Plaintiffs' customers to a website he had created for defendant
ELIMINITE.

19.   As additional background, and on multiple occasions, both during
and after defendant O'GORMAN's Employment, defendant O'GORMAN
improperly gained access to Plaintiffs' Kall8 phone advertisement tracking service
and redirected an untold number of phone calls intended for Plaintiffs to himself
and ELIMINITE.

20.   Defendant O'GORMAN created advertisements using Plaintiffs'
Trademarks and other Intellectual Property without notice or authorization from
Plaintiffs.

21.   Upon announcing his resignation, defendant O'GORMAN disclosed
that he was starting his own company, but failed to disclose that he had already
established defendant ELIMINITE and obtained an EPA pesticide registration.

22.   Unbeknownst to Plaintiffs at all times prior to the present action,
defendant O'GORMAN (personally, and/or via his unregistered Fictitious
Business Name of "O'Gorman Financial") registered at least six (6) domain
names: "xt2000.co" registered on or about April 9, 2012; "xt2000.net" registered
on or about April 9, 2012; "xtermite.co" registered on or about July 16, 2012;
"xtermite.net" registered on or about July 16, 2012; "xt2000orangeoil.com"
registered on or about February 24, 2014; and "xt2000orangeoil.net" registered on
or about February 24, 2014 (collectively the "Domains").  On information and
belief, the Domains were each set to redirect to defendant ELIMINITE's website
at various points in time including up to now.

23.   The Domains of xtermite.co and xtermite.net bear a striking
resemblance to and a likelihood of confusion with the XTERMITE Mark.

24.     The Domains of xt2000.co, xt2000.net, xt2000orangeoil.com, and xt2000orangeoil.net bear a striking resemblance to and likelihood of confusion with the XT-2000 Mark.

25.     Defendant O'GORMAN (individually and/or using his unregistered Fictitious Business Name of "O'Gorman Financial") has paid domain registrar GoDaddy.com, LLC ("GoDaddy") an annual renewal fee to maintain his registration of each of the Domains.  In obtaining, maintaining, and renewing said Domains, defendant O'GORMAN made the following representations:

**2. Your Representations**

**By applying to register a domain name, or by asking us to maintain or renew a domain name registration, you hereby represent and warrant to us that (a) the statements that you made in your Registration Agreement are complete and accurate; (b) to your knowledge, the registration of the domain name will not infringe upon or otherwise violate the rights of any third party;... .**

26.     On or about April 29, 2024, Plaintiffs and their counsel discovered that the Domains xtermite.co and xtermite.net were set to redirect to defendant ELIMINITE's website.

27.     On or about May 29, 2024, Plaintiff XTERMITE (based on what was known at that time) sent a Cease-and-Desist letter to Defendants, alleging that Defendants had registered the Domains xtermite.co and xtermite.net and set them to redirect to defendant ELIMINITE's website, thereby siphoning off potential customers of Plaintiff XTERMITE.

28.     On or before May 31, 2024, the Domains xtermite.co and xtermite.net were changed ***after*** the Cease-and-Desist letter was sent to Defendants and set to display generic GoDaddy parking pages ("Parking Pages"), incorporating "Pay-per-Click" style advertisements ("PPC Ads").  In turn, the PPC Ads have directed and currently direct visitors to various unaffiliated third-party pest control companies.  On information and belief, defendant O'GORMAN is benefiting or profiting from the PPC Ads up to including the date of this action.

29.     On or about June 5, 2024, Plaintiff XTERMITE filed a Complaint (the "UDRP Complaint") with the WIPO Arbitration and Mediation Center pursuant to the Uniform Domain Name Dispute Resolution Policy (the "UDRP") alleging that the Domains "xtermite.co" and "xtermite.net" were registered under "Bad Faith" pursuant to the meaning contained within the UDRP and demanding their immediate transfer to Plaintiff XTERMITE.

30.     After filing the UDRP Complaint, Plaintiffs became aware of four (4) additional Domains: xt2000.co, xt2000.net, xt2000orangeoil.com, and xt2000orangeoil.net.  On information and belief, the four (4) additional Domains were previously set to redirect to defendant ELIMINITE's website.  Upon discovering these additional Domains, they were displaying Parking Pages with PPC Ads, likewise leading visitors to third-party pest control services and nominally financially benefitting defendant O'GORMAN.

31.     On or about June 18, 2024, Plaintiffs filed an amended version of the UDRP Complaint to include the four (4) additional Domains above and added Plaintiff XT-2000 as a co-Complainant pursuant to the meaning contained within the UDRP.

32.     The WIPO Arbitration and Mediation Center and GoDaddy confirmed that defendant O'GORMAN (individually and/or using his unregistered Fictitious Business Name of "O'Gorman Financial") are the registrants of the Domains.

33.     On or about June 26, 2024, the WIPO Arbitration and Mediation Center commenced an administrative proceeding with case number (ESH) D2024-2314 (the "UDRP Proceeding"), between Plaintiffs and Defendants concerning the Domains.

34.     Upon the filing date of this action, a decision has not been issued in the UDRP Proceeding.  Upon filing this action, Plaintiffs intend to notify the UDRP of this action.

COMPLAINT

# I.

## FIRST CAUSE OF ACTION

### FOR INFRINGEMENT OF REGISTERED TRADEMARK
### (15 U.S.C. § 1114)

#### (AS AGAINST DEFENDANTS O'GORMAN, ELIMINITE, AND DOES 1 THROUGH 40 INCLUSIVE)

35.     Plaintiffs incorporate and reallege by this reference each and every allegation set forth hereinabove in paragraphs 1 through 34, inclusive.

36.     Plaintiffs are the exclusive owners by federal registration of Plaintiffs' Trademarks and thus Plaintiffs have the exclusive rights to use Plaintiffs' Trademarks in United States commerce for advertising, promoting, offering for sale, and selling Plaintiffs' services and/or goods set forth above.

37.     Plaintiffs' exclusive rights in Plaintiffs' Trademarks predate any rights that defendants O'GORMAN, ELIMINITE, and DOES 1 through 40, inclusive, could attempt to establish in and to Plaintiffs' Trademarks.  Plaintiffs' Trademarks are fanciful, arbitrary, or otherwise inherently distinctive when used in connection with Plaintiffs' services and/or goods set forth above.  Moreover, Plaintiffs' Trademarks identify Plaintiffs as the exclusive sources of services and/or goods set forth above offered under Plaintiffs' Trademarks and, therefore, said marks have acquired further distinctiveness.

38.     Said defendants are using Plaintiffs' Trademarks in commerce to advertise, promote, offer for sale, and/or sell said defendants' competing services and/or goods.

39.     Said defendants' use of Plaintiffs' Trademarks in commerce, in connection with the advertising, promotion, offering for sale, and/or sale of defendants' competing services and/or goods is causing, and is likely to continue causing, consumer confusion, mistake, and/or deception about whether said defendants are Plaintiffs, are affiliates of Plaintiffs, or are licensees or authorized distributors of Plaintiffs' services and/or goods when they are not.

40.    Said defendants' use of Plaintiffs' Trademarks in commerce, in connection with the advertising, promotion, offering for sale, and/or sale of said defendants' competing services and/or goods, as alleged herein, is causing, and is likely to continue causing, consumer confusion, mistake, and/or deception about whether said defendants and/or said defendants' competing services and/or goods are affiliated, connected, and/or associated with Plaintiffs and/or Plaintiffs' services and/or goods as set forth above when they are not.

41.    Said defendants' use of the Plaintiffs' Trademarks in commerce on, for, and/or in connection with the advertising, promotion, offering for sale, and/or sale of said defendants' competing services and/or goods, as alleged herein, is causing, and is likely to continue causing, consumer confusion, mistake, and/or deception about whether said defendants and/or said defendants' competing services and/or goods originate with, are sponsored, endorsed, or approved by, and/or offered under a license from, Plaintiffs, or vice versa, when they are not.

42.    Plaintiffs have not consented to the use of their Plaintiffs' Trademarks by said defendants.

43.    Based on Plaintiffs' longstanding and continuous prior use of Plaintiffs' Trademarks in United States commerce, the federal registration of Plaintiffs' Trademarks, defendant O'GORMAN's Employment with Plaintiffs, and his overtures to acquire an interest in Plaintiffs, said defendants had actual and constructive knowledge of Plaintiffs' superior rights in and to Plaintiffs' Trademarks when said defendants began using Plaintiffs' Trademarks as part of their bad faith scheme to confuse and deceive consumers, as alleged herein.

44.    Said defendants adopted and used Plaintiffs' Trademarks in furtherance of said defendants' willful, deliberate, and bad faith scheme of exploiting the extensive consumer goodwill, reputation, and commercial success of services and/or goods that Plaintiffs offer under Plaintiffs' Trademarks, including, without limitation, their services and/or goods (like "Orange Oil").

45.     Upon information and belief, said defendants have made, and will continue to make, substantial profits and gain from their unauthorized use of Plaintiffs' Trademarks, to which said defendants are not entitled at law or in equity.

46.     Upon information and belief, said defendants' acts and conduct complained of herein constitute trademark infringement in violation of 15 U.S.C. § 1114(a).  Said defendants' unlawful actions have caused and are continuing to cause unquantifiable damage to Plaintiffs.  Plaintiffs have suffered, and will continue to suffer, irreparable harm from said defendants' acts and conduct complained of herein unless restrained by judicial decree.  Plaintiffs have no adequate remedy at law.

## II.

## SECOND CAUSE OF ACTION

### FOR UNFAIR COMPETITION, FALSE ASSOCIATION, AND FALSE DESIGNATION OF ORIGIN
### (15 U.S.C. § 1125)

#### (AS AGAINST DEFENDANTS O'GORMAN, ELIMINITE, AND DOES 1 THROUGH 40 INCLUSIVE)

47.     Plaintiffs incorporate and reallege by this reference each and every allegation set forth hereinabove in paragraphs 1 through 46, inclusive.

48.     The acts and conduct complained of herein by defendants O'GORMAN, ELIMINITE, and DOES 1 through 40, inclusive, constitute unfair competition, false association, and/or false designation of origin in violation of 15 U.S.C. § 1125(a)(1)(A).

49.     Said defendants' use of Plaintiffs Trademarks to advertise, market, offer for sale, and/or sell their competing services and/or goods to customers who search on the internet for Plaintiffs and their services and/or goods constitutes unfair competition in violation of 15 U.S.C. § 1125(a)(1)(A).

50.     In diverting customers who visit the infringing Domains to said

defendants' website, said defendants have falsely held themselves out to be agents of and/or authorized by Plaintiffs to sell and/or distribute Plaintiffs' branded services and/or goods, when this is not the case.

51.     Said defendants' use of Plaintiffs' Trademarks in commerce, in connection with the advertising, promotion, offering for sale, and/or sale of defendants' competing services and/or goods, is causing, and is likely to continue causing, consumer confusion, mistake, and/or deception about whether said defendants are Plaintiffs, are affiliates of Plaintiffs, or are licensees or authorized distributors of Plaintiffs' services and/or goods when they are not.

52.     Said defendants' use of Plaintiffs' Trademarks in commerce, in connection with the advertising, promotion, offering for sale, and/or sale of said defendants' competing services and/or goods, as alleged herein, is causing, and is likely to continue causing, consumer confusion, mistake, and/or deception about whether said defendants and/or said defendants' competing services and/or goods are affiliated, connected, and associated with Plaintiffs and/or Plaintiffs' services and/or goods as set forth above when they are not.

53.     Said defendants' use of the Plaintiffs' Trademarks in commerce on, for, and/or in connection with the advertising, promotion, offering for sale, and/or sale of said defendants' competing services and/or goods, as alleged herein, is causing, and is likely to continue causing, consumer confusion, mistake, and/or deception about whether said defendants and/or said defendants' competing services and/or goods originate with, are sponsored, endorsed, or approved by, and/or offered under a license from, Plaintiffs, or vice versa, when they are not.

54.     Plaintiffs have sustained injury and damage caused by the said defendants' conduct.  Plaintiffs have suffered, and will continue to suffer, irreparable harm from said defendants' acts and conduct complained of herein, unless restrained by judicial decree.  Plaintiffs have no adequate remedy at law.

/ / /

# III.

## THIRD CAUSE OF ACTION

### FOR CYBERPIRACY
### (15 U.S.C. § 1125)

#### (AS AGAINST DEFENDANTS O'GORMAN, ELIMINITE, AND DOES 1 THROUGH 40 INCLUSIVE)

55.   Plaintiffs incorporate and reallege by this reference each and every allegation set forth hereinabove in paragraphs 1 through 54, inclusive.

56.   As alleged herein, Plaintiffs' Trademarks are inherently distinctive.

57.   Upon information and belief, defendants O'GORMAN, ELIMINITE (via its agent defendant O'GORMAN), and DOES 1 through 40, inclusive, are individually or collectively the current registrants of record for the infringing Domains.

58.   At the time said defendants registered, acquired, and/or began using the infringing Domains, Plaintiffs had obtained prior and exclusive rights in Plaintiffs' Trademarks.

59.   At the time said defendants registered, acquired, and/or began using the infringing Domains, said defendants had no rights, title, license, or legitimate interest in Plaintiffs' Trademarks.

60.   The infringing Domains do not consist in any way of the legal name of any defendant or their brand.  Furthermore, the infringing Domains are identical to, and/or confusingly similar to, Plaintiffs' Trademarks.

61.   Said defendants registered, acquired, and/or used the infringing Domains possessing a bad faith intent to profit from Plaintiffs' Trademarks.

62.   Said defendants' activities as alleged herein violate the federal Anticybersquatting Consumer Protection Act codified at 15 U.S.C. § 1125(d)(1). Said defendants have no *bona fide* noncommercial or fair use of Plaintiffs' Trademarks.  Said defendants intended to divert consumers away from Plaintiffs by using the infringing Domains to harm the goodwill represented by Plaintiffs'

Trademarks for commercial gain, and with the intent to create a likelihood of confusion as to the source, sponsorship, affiliation, or endorsement of the infringing Domains.

63.    These acts have caused and will continue to cause irreparable injury to Plaintiffs.  Plaintiffs have no adequate remedy at law and they have been and continue to be damaged in an amount yet to be determined.

64.    In the alternative, Plaintiffs are entitled to statutory damages in the amount of $100,000 *per domain name* because said defendants' cybersquatting through the infringing Domains was willful under 15 U.S.C. § 1117(d).

65.    The infringing Domains and any other domain name owned and/or controlled by said defendants that contains Plaintiffs' Trademarks or colorable imitation thereof should be transferred to Plaintiffs pursuant to 15 U.S.C. § 1125(d)(1)(C).

## IV.

## <u>FOURTH CAUSE OF ACTION</u>

### FOR UNFAIR COMPETITION
### (CALIFORNIA BUSINESS & PROFESSIONS CODE § 17200)

#### (AS AGAINST DEFENDANTS O'GORMAN, ELIMINITE, AND DOES 1 THROUGH 40 INCLUSIVE)

66.    Plaintiffs incorporate and reallege by this reference each and every allegation set forth hereinabove in paragraphs 1 through 65, inclusive.

67.    Plaintiffs allege that defendants O'GORMAN, ELIMINITE (via its agent defendant O'GORMAN), and DOES 1 through 40, inclusive, violated Business and Professions Code ("B&P") § 17200, also known as the Unfair Competition Law ("UCL"), by engaging in unlawful, unfair, and fraudulent business acts and practices to the detriment of the general public.  Plaintiffs have suffered injury in fact and have lost money or property as a result of such unfair competition.  Plaintiffs bring this action for themselves, and as a representative action on behalf of the general public pursuant to C.C.P. § 382 and B&P § 17203.

68.     Said defendants have committed: unlawful acts as described hereinabove; unfair acts that offend established public policies including, but not limited to, those reflected by the Lanham Act; and other fraudulent and deceptive acts and practices (such as falsely registering the Domains) as pled hereinabove.

69.     Said unlawful, unfair, and fraudulent acts, and others, allow said defendants an unfair advantage over their respective competitors who obey the law and engage in fair competition, are likely to deceive the general public, and are immoral, unethical, oppressive, unscrupulous, and substantially injurious to consumers and the general public.  Said unlawful, unfair, and fraudulent acts, and others, are ongoing and will continue unless enjoined by this Court.

70.     Plaintiffs will further seek appointment of a receiver, disgorgement and/or restoration of money and/or property acquired by means of such unfair competition, as well as reasonable attorney's fees under C.C.P. § 1021.5 and the common fund and/or substantial benefit doctrines.

## V.

## FIFTH CAUSE OF ACTION

### FOR FALSE ADVERTISING
### (CALIFORNIA BUSINESS & PROFESSIONS CODE § 17500)

#### (AS AGAINST DEFENDANTS O'GORMAN, ELIMINITE, AND DOES 1 THROUGH 40 INCLUSIVE)

71.     Plaintiffs incorporate and reallege by this reference each and every allegation set forth hereinabove in paragraphs 1 through 70, inclusive.

72.     Plaintiffs allege that defendants O'GORMAN, ELIMINITE (via its agent defendant O'GORMAN), and DOES 1 through 40, inclusive, violated B&P § 17500 of the UCA (incorporated by reference in B&P § 17200) by making and/or disseminating and/or causing to be made or disseminated before the public false and misleading statements.  These false and misleading statements include, but are by no means limited to, those contained in the GENERAL ALLEGATIONS section above and the FIRST through FOURTH causes of action

herein, which are hereby incorporated by this reference.  Plaintiffs have suffered injury in fact and have lost money or property as a result of such unfair competition and false advertising.

73.     Plaintiffs bring this action for themselves, and as a representative action on behalf of the general public pursuant to C.C.P. § 382 and B&P § 17203. Said false and misleading statements, and others, are ongoing and will continue unless enjoined by this Court.  Plaintiffs will further seek any other available remedies or relief, including, but not limited to, appointment of a receiver, disgorgement and/or restoration of money and/or property acquired by means of such unfair competition and false advertising, as well as reasonable attorney's fees under C.C.P. § 1021.5 and the common fund and/or substantial benefit doctrines.

## VI.

## <u>SIXTH CAUSE OF ACTION</u>

## FOR UNJUST ENRICHMENT

### (AS AGAINST DEFENDANTS O'GORMAN, ELIMINITE, AND DOES 1 THROUGH 40 INCLUSIVE)

74.     Plaintiffs incorporate and reallege by this reference each and every allegation set forth hereinabove in paragraphs 1 through 73, inclusive.

75.     By engaging in the acts described above, defendants O'GORMAN, ELIMINITE, and DOES 1 through 40, inclusive, have and will continue to benefit from their wrongdoing and have been unjustly enriched by reaping the benefits of their unlawful, unfair, and fraudulent activities to the damage and irreparable harm of Plaintiffs.

76.     The circumstances presented here are such that it would be inequitable for said defendants to retain the benefits received from the actions described herein without repaying the lost value to Plaintiffs.

/ / /

/ / /

1

## **JURY TRIAL DEMANDED**

2

3

77.     Pursuant to Federal Rules of Civil Procedure, Rule 38, Plaintiffs

4

demand a trial by jury of all issues so triable in this action.

5

## **PRAYER FOR RELIEF**

6

WHEREFORE, Plaintiffs pray for judgment against defendants, and each of

7

them, and in favor of Plaintiffs as follows:

8

1.     Enter judgment in favor of Plaintiffs and against defendants

9

O'GORMAN, ELIMINITE, and DOES 1 through 40, inclusive, on all causes of

10

action;

11

2.     Preliminarily and permanently enjoin all said defendants, and all

12

persons or entities action in concert or participation with them, as follows:

13

a.   That said defendants, and each of them, cease, desist, and refrain from

14

renewing and/or using any domain names, including the ones listed

15

above, which contain and/or resemble the marks "xtermite," "xt-

16

2000," or any variation thereof that in any way resembles a trademark

17

or service mark owned by Plaintiffs;

18

b.   That said defendants, and each of them, cease, desist, and refrain from

19

registering any additional domain names which contain and/or

20

resemble the marks "xtermite," "xt-2000," or any variation thereof

21

that in any way resembles a trademark owned by Plaintiffs;

22

c.   That said defendants, and each of them, cease, desist, and refrain from

23

any use of Plaintiffs' Trademarks or other Intellectual Property to

24

unlawfully promote, pursue, or in any way attract attention towards

25

said defendants' business; and

26

d.   That said defendants, and each of them, cease, desist, and refrain from

27

accessing, retrieving, copying, deleting, destroying, altering,

28

transmitting, or disseminating any of Plaintiffs' information or

- 16 -

COMPLAINT

property.

3.  Order said defendants to account for and pay to Plaintiffs all gains, profits, and savings derived from their unlawful, unfair, and fraudulent business practices;

4.  Order said defendants to pay Plaintiffs the damages sustained by Plaintiffs as a result of their wrongful conduct;

5.  Order said defendants to pay Plaintiffs punitive damages for all claims for relief to which such damages are authorized by law;

6.  Order said defendants to pay treble damages or other statutory damages for all claims for relief to which such treble or statutory damages are authorized by law;

7.  Order said defendants to pay Plaintiffs its attorney's fees and costs incurred in connection with this action;

8.  Order pre-judgment and post-judgment interest at the maximum legal rate;

9.  Order said defendants to pay Plaintiffs restitution for all claims for relief to which restitution is authorized;

10. Order said defendants to disgorge all improper benefits, profits, and gains;

11. For injunctive relief, appointment of a receiver, restitution, disgorgement, and/or restoration of money and/or property acquired by means of unfair competition pursuant to B&P § 17203; and

12. Order such other and further relief as the Court deems just and proper.

Dated:  July 30, 2024

ARC IP LAW, PC

By:   /s/ Danna J. Cotman
Danna J. Cotman, Esq. (SB# 188245)
5749 La Jolla Boulevard
La Jolla, CA 92037

Attorneys for Plaintiffs
XTERMITE, INC.
and XT 2000, Inc.

- 17 -

COMPLAINT

JS 44 (Rev. 03/24)  **CIVIL COVER SHEET**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| XTERMITE, INC., a California corporation; XT 2000, | O'GORMAN, BARRY B.; ELIMINITE TERMITE |

| **(b)** County of Residence of First Listed Plaintiff   San Diego | County of Residence of First Listed Defendant   San Diego |
|---|---|
| *(EXCEPT IN U.S. PLAINTIFF CASES)* | *(IN U.S. PLAINTIFF CASES ONLY)* |
| | NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED. |

| **(c)** Attorneys *(Firm Name, Address, and Telephone Number)* | Attorneys *(If Known)* |
|---|---|
| Cotman, Danna J. and Sabban, Ariel J.; ARC IP Law, PC 5749 La Jolla Blvd. La Jolla, CA 92037 | Besl, April L.; Dinsmore & Shohl LLP 255 East Fifth Street Suite 1900 Cincinnati, OH 45202; (513) 977-8527 |

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*    Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **INTELLECTUAL PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | **LABOR** | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | | ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

**V. ORIGIN** *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
15 U.S.C. § 1114

Brief description of cause:
Unauthorized registration, renewal, and usage of several domain names identical to Plaintiffs' Trademarks redirecting to Defendants' website

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** *(See instructions):*

JUDGE _____ DOCKET NUMBER _____

DATE: July 30, 2024

SIGNATURE OF ATTORNEY OF RECORD: /s/ Danna J. Cotman, Esq.

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed.  The attorney filing a case should complete the form as follows:

**I.(a)  Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant.  If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)  County of Residence.**  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)  Attorneys.**  Enter the firm name, address, telephone number, and attorney of record.  If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.  Jurisdiction.**  The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings.  Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348.  Suits by agencies and officers of the United States are included here.
United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states.  When Box 4 is checked, the citizenship of the different parties must be checked.  (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.  Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above.  Mark this section for each principal party.

**IV.  Nature of Suit.**  Place an "X" in the appropriate box.  If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable.  Click here for: <u>Nature of Suit Code Descriptions.</u>

**V.  Origin.**  Place an "X" in one of the seven boxes.
Original Proceedings.  (1) Cases which originate in the United States district courts.
Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court.  (3) Check this box for cases remanded to the district court for further action.  Use the date of remand as the filing date.
Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court.  Use the reopening date as the filing date.
Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a).  Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File.  (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.**  Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

**VI.  Cause of Action.**  Report the civil statute directly related to the cause of action and give a brief description of the cause.  **Do not cite jurisdictional statutes unless diversity.**  Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

**VII.  Requested in Complaint.**  Class Action.  Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand.  In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.  Related Cases.**  This section of the JS 44 is used to reference related cases, if any.  If there are related cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.**  Date and sign the civil cover sheet.