UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| XTERMITE, INC., a California corporation and XT 2000, INC., a California corporation,<br><br>    Plaintiffs,<br><br>v.<br><br>BARRY BRANDON O'GORMAN, ELIMINITE TERMITE SERVICES, INC., a California corporation, and DOES 1-40,<br><br>    Defendants. | Case No.: 24-cv-1347-LL-DDL<br><br>**ORDER (1) DENYING MOTION TO EXTEND FACT DISCOVERY DEADLINE; (2) SETTING DISCOVERY CONFERENCE**<br><br>[Dkt. No. 21] |

Before the Court is the parties' joint motion to extend the fact discovery deadline by three months, from May 12, 2025 to August 12, 2025. Dkt. No. 21. The parties represent an extension will "allow Defendants to secure insurance coverage related to this litigation" and "will also allow the Parties to explore potential resolution." *Id*. at 2. The parties also represent, in an email to chambers requesting a discovery conference, that Plaintiff served Defendants with discovery requests on January 10 and 21, 2025. The parties report that on March 7, the deadline to respond, Plaintiff received mainly "boilerplate objections" and "inconsequential responses," and that even after further meet and confer on March 27, "Plaintiff has yet to receive responses or production of substance." The email also states the parties "are in agreement to attempt to reach a resolution via insurance, yet are delayed in meeting the Fact Discovery Deadline."

Federal Rule of Civil Procedure 16 provides that a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(a)(4). The Court's good cause analysis "primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Id.* (citing Fed. R. Civ. P. 16, advisory committee notes to 1983 amendment).

Given the timeline above, the Court does not find the parties have demonstrated diligence such that an extension of the fact discovery deadline is warranted. The Court held the Case Management Conference in this case nearly five months ago, Dkt. No. 16, and discovery was served in January. Although the Court appreciates the parties' continuing attempts to resolve this case through insurance coverage, those attempts to secure coverage have been ongoing since at least February 19, when the parties so informed the undersigned at the status conference. On the record currently before it, the Court does not find good cause to continue the fact discovery deadline. Accordingly, the joint motion is **DENIED**.

The Court turns to the request for a discovery conference. The Court **ORDERS**:

1. The parties shall meet and confer forthwith regarding the specific discovery requests and responses at issue. The parties shall engage in good faith efforts to narrow the number of disputed interrogatories, requests for admission, and requests for production.

2. By not later than **April 14, 2025**, the parties shall file their list of unresolved discovery disputes on CM/ECF under the event "Motion to Compel." The chart shall be in Word format and shall contain (a) the responses to Plaintiff's discovery requests that remain in dispute; (b) the discovery request number; (c) the text of the discovery requests; (d) Plaintiff's position on each discovery request; and (e) Defendants' position on each discovery request. The disputed requests and responses, or relevant portions thereof, shall be attached as exhibits.

3. Simultaneous with the filing of the motion, counsel shall provide a courtesy copy of the filing to the undersigned, and shall email a copy of the chart in Word format to efile_leshner@casd.uscourts.gov.

4. The Court sets an in-person Discovery Conference for **April 18, 2025 at 9:00 a.m.** in **Courtroom 15B** of the James Carter & Judith Keep Courthouse, **333 West Broadway, San Diego, CA 92101**.

**IT IS SO ORDERED.**

Dated: April 8, 2025

Hon. David D. Leshner
United States Magistrate Judge